NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000414
13-SEP-2019
08:31 AM

NO. CAAP-19-0000414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEBRA CANNOLES, Plaintiff-Appellant, v.
TEACH FOR AMERICA AGENT: CORPORATE CREATIONS NETWORK INC.;
KIM ROWAN, Defendants-Appellees,

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CIVIL NO. 3RC-18-1-0515)

ORDER GRANTING JUNE 27, 2019 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, C.J., Leonard and Hiraoka, JJ.)

Upon review of (1) Defendants-Appellees Teach for America (Teach for America) and Kim Roman's (Roman) June 27, 2019 motion to dismiss appeal for lack of appellate jurisdiction, (2) the lack of any memorandum by Plaintiff-Appellant Debra H. Cannoles (Cannoles), self-represented, in opposition to Teach for America and Roman's June 27, 2019 motion, and (3) the record, it appears that we do not have appellate jurisdiction over appellate court case number CAAP-19-0000414.

Pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016),

> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. See District Court Rules of Civil Procedure (DCRCP) Rule 54(a) (1996). A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing

> further to be adjudicated, the judgment, order, or decree is
> final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251,
1252 (1999) (citations, internal quotation marks, and footnote
omitted; emphases added).  The Supreme Court of Hawaiʻi

> has promulgated separate rules governing civil procedure in
> the district courts . . . .  DCRCP Rule 58 (1996), in
> contrast to HRCP Rule 58, does not by its plain language
> require that judgment be set forth on a "separate document."
> Thus, the requirements set forth in Jenkins [v. Cades
> Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334
> (1994)], are not applicable to district court cases.
> Consequently, an order that fully disposes of an action in
> the district court may be final and appealable without the
> entry of judgment on a separate document, as long as the
> appealed order ends the litigation by fully deciding the
> rights and liabilities of all parties and leaves nothing
> further to be adjudicated.

Id. at 427, 984 P.2d at 1253 (footnote and citation omitted).

In the instant case, the parties and the district court
resolved all of Cannoles's claims by way of a series of two
documents:

> (1)    a December 31, 2018 stipulation by all parties to
>        dismiss Cannoles's complaint as to Defendants-
>        Appellees Jill Baldemor and Alyson Emrick pursuant
>        to Rule 41(a)(1)(ii) of the District Court Rules
>        of Civil Procedure (DCRCP); and
>
> (2)    a March 15, 2019 order granting Teach for America
>        and Roman's motion for summary against Cannoles as
>        to all claims in Cannoles's complaint.

The order that ended the litigation, leaving nothing further for
the district court to adjudicate, was the March 15, 2019 summary
judgment order.  Based on Casumpang, a subsequent judgment
document would have been superfluous for the purpose of
perfecting an aggrieved party's right to appeal.  Therefore, the
March 15, 2019 summary judgment order was an appealable final
order.

It appears that Cannoles did not file her May 31, 2019
notice of appeal within thirty days after entry of the March 15,
2019 summary judgment order, as Rule 4(a)(1) of the Hawaiʻi Rules
of Appellate Procedure (HRAP) required for a timely appeal from

2

the March 15, 2019 summary judgment order. Therefore, Cannoles's May 31, 2019 notice of appeal is untimely as to the March 15, 2019 summary judgment order. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").

Accordingly, IT IS HEREBY ORDERED that Teach for America and Roman's June 27, 2019 motion to dismiss appeal for lack of appellate jurisdiction is granted.

DATED: Honolulu, Hawaiʻi, September 13, 2019.

Chief Judge

Associate Judge

Associate Judge

3